IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHELE CONNEL** ) | |
| ) | |
| ) | Case No. |
| **Plaintiff**, ) | |
| ) | |
| v. ) | |
| ) | |
| **BOARD OF COUNTY** ) | |
| **COMMISSIONERS OF** ) | |
| **LEAVENWORTH COUNTY,** ) | |
| **KANSAS** ) | |
| ) | |
| And ) | |
| ) | |
| **JANICE VAN PARYS,** ) | |
| **COUNTY TREASURER** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

Plaintiff Michele Connel, by and through her counsel of record, for her Complaint, alleges and states as follows:

## PARTIES

1. Plaintiff Michele Connel ("Plaintiff") resides in Leavenworth, Leavenworth County, Kansas.

2. Defendant Board of County Commissioners, Leavenworth County, Kansas is a governmental body located in Leavenworth County, Kansas and may be served with process by serving Janet Klasinski, Leavenworth County Clerk, 300 Walnut St., Leavenworth, Kansas 66048.

1

3. Defendant Janice Van Parys ("Van Parys") is the Leavenworth County Treasurer, and this suit is brought against Van Parys both individually and in her capacity as an elected official. Van Parys may be served individually at the Leavenworth County Treasurer's Office, 300 Walnut Street, Suite 105, Leavenworth, Kansas, 66048 and may be served in her official capacity as Treasurer by service upon Janet Klasinski, County Clerk, 300 Walnut Street, Suite 106, Leavenworth, Kansas, 66048.

## NATURE OF ACTION

4. Plaintiff is a former employee of Leavenworth County and a whistleblower. She seeks relief for the retaliation she suffered due to whistleblowing with regard to the terms and conditions of her employment, as more fully set forth herein.

5. Defendants also violated the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), by willfully refusing to compensate Plaintiff for all hours worked.

## JURISDICTION AND VENUE

6. This Court has primary jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. §1311 because this claim involves questions of federal law.

7. This Court has supplemental jurisdiction over Plaintiff's related state law claim because it is part of the same case and controversy as the FLSA claims, arise from the same nucleus of operative fact, and because exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

8. Venue is proper pursuant to 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e) because Defendants reside in, and perform business operations in, this District, and because the unlawful employment practices that form the basis of this action occurred in this District.

9. Jurisdiction and venue are proper in this Court as it is a court of competent jurisdiction pursuant to 29 U.S.C.A. § 216(b).

10. At all times relevant to this Complaint, Defendant Board of County Commissioners of Leavenworth County, Kansas has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203. Upon information and belief, this defendant has had operating revenues in excess of $500,000.00.

11. Van Parys is an "employer" within the meaning of the FLSA.

## CONDITIONS PRECEDENT

12. As a result of the tortious conduct herein alleged under Kansas law, pursuant to the Kansas Tort Claims Act, K.S.A. § 75-6104, et seq. ("KTCA"), on February 24, 2020, Plaintiff timely served a Notice of Claim by certified mail upon the Leavenworth County Clerk, Janet Klasinski, at 300 Walnut Street, Suite 106, Leavenworth, Kansas, 66048.

13. No response to Plaintiff's Notice of Claim has been received by Plaintiff.

14. Plaintiff's Claim was not approved within 120 days of service of the Notice of Claim and Plaintiff's claim is deemed denied under the KTCA.

## FACTUAL BASIS

15. Plaintiff incorporates the above paragraphs of this Complaint as though fully set forth herein.

16. Plaintiff was hired in September 2018 as a Motor Vehicle Deputy for the Leavenworth County Treasurer's Office.

17. At all times relevant to this Complaint, Plaintiff was supervised by Van Parys. Van Parys had supervisory authority over Plaintiff and acted on behalf of, and as an agent of, Leavenworth County, and Van Parys acted in the interest of Leavenworth County, whether directly or indirectly. At all relevant times, Van Parys possessed the ability to discipline and otherwise control the terms and conditions of Plaintiff's employment.

18. Throughout Plaintiff's employment, she regularly worked in excess of 40 hours per week. Plaintiff consistently worked 42 hours or more per week, including hours worked during meal breaks, before or after her scheduled shift, and on weekends.

19. From September 5, 2018 through September 25, 2019, Plaintiff was paid an annual salary by Leavenworth County, and she was classified as an "exempt" employee.

20. In late September 2019, Leavenworth County changed Plaintiff's job classification from an exempt, salaried classification to a non-exempt, hourly classification; however, neither her job title nor her job duties changed.

21. County employees who are classified as "non-exempt" are eligible to receive overtime pay for hours worked in excess of 40 per week.

22. At or near the time of Plaintiff's reclassification, she met with Van Parys and complained about the same. Plaintiff expressed her opposition to the reclassification, also asking Van Parys why she had been reclassified. Van Parys identified budgetary concerns, adding that, should Plaintiff ever resign or be terminated, the County would not have to compensate Plaintiff for as many accumulated leave hours as a non-exempt, hourly employee versus a salaried, exempt employee. Van Parys also stated that Plaintiff did not have the authority to hire and discipline staff members in her role.

23. Also during the above conversation between Plaintiff and Van Parys, when Plaintiff pressed Van Parys with questions about the classification of other employees and whether particular individuals had been reclassified, Van Parys stated "I'm an elected official and I can do what I want."

24. Leavenworth County's written policy, effective January 1, 2018, prohibits nepotism where a reporting relationship exists or where even the appearance of a conflict of interest is present. Employees who were hired into positions—prior to January 2018—that conflict with the policy are exempt from the policy; however, the policy is violated if such an employee is later moved into another position in conflict with the policy.

25. In May 2019, Leavenworth County employee M.D., Van Parys' daughter-in-law, was promoted to Assistant Motor Vehicle Deputy. Van Parys subsequently promoted her other daughter-in-law to Assistant Motor Vehicle Deputy. Van Parys' sister is also employed by the Treasurer's Office.

26. On a Monday in mid-December 2019, Plaintiff learned that a sum of cash which had been in the office safe the previous Friday had been removed from the safe. Based on the timeline, Plaintiff believed that the cash had been taken during a time when only she and M.D. were on duty and the safe was open. Plaintiff had not removed any cash from the safe.

27. Previously, Plaintiff had expressed her belief to Van Parys that M.D. had been taking illegal drugs. Van Parys responded, in part, that she would never terminate M.D.'s employment, stating "what would my grandson do?"

28. Shortly after the theft, Van Parys asked Plaintiff whom she believed had taken the cash. Plaintiff identified M.D., and Van Parys responded with a statement to the effect of "well, you know drugs make you do weird things."

29.     In or around late December 2019, the Leavenworth Police Department began an investigation into the stolen cash, and a police detective questioned Plaintiff.  During the interview, Plaintiff reported: her concerns about nepotism in the County Treasurer's office, that M.D. was the only other person on duty with access to the office safe, and that she believed M.D. was taking illegal drugs.  Plaintiff also expressed her fear of losing her job as a result providing this information, relaying that on multiple occasions, Van Parys had warned her that Van Parys would not fire Plaintiff unless she ever "went against" Van Parys.

30.     When Plaintiff returned to work after the Christmas holiday, Van Parys avoided her and excluded her from work meetings.

31.     On or about January 7, 2020, Plaintiff's employment with Leavenworth County was discharged.

32.     Van Parys' notified Plaintiff of her discharge but did not state a reason for the discharge.

## COUNT I– Retaliatory Discharge
### (Whistleblowing)

33.     Plaintiff hereby incorporates by reference the above paragraphs of this Complaint as though fully set forth herein.

34.     At all times relevant to this Complaint, Plaintiff was an employee of Leavenworth County.

35.     Van Parys is subject to the KTCA.

36. As an elected official, Van Parys was in a position of power and leadership, acting in a manner such that her actions would directly and knowingly impact Plaintiff and the other employees of Leavenworth County.

37. Leavenworth County policy prohibits employee nepotism.

38. Leavenworth County policy prohibits illegal drug use by its employees.

39. Leavenworth County policy prohibits the taking of county funds by any employee.

40. Theft of property is a criminal offense under Kansas law and specifically K.S.A. § 21-3701.

41. The state of Kansas has a strong public interest in protecting its citizens against theft of public funds held by its counties, as well as the employment of illegal drug users in public employment.

42. The state of Kansas has a strong public interest in protecting its citizens against nepotism in public employment, including the employment of an elected official's family members in positions subordinate to the elected official.

43. As alleged herein above, Plaintiff made good-faith reports to Van Parys and the Leavenworth Police Department of violations of rules, regulations, and/or the law pertaining to public health and safety and the general welfare.

44. Plaintiff made such good-faith reports based on her reasonable belief that these activities were wrongful and due to her concern that said activities were wrongful.

45. A reasonably prudent person would have concluded that Defendants and Plaintiff's co-worker were engaged in activities that violated rules, regulations, and/or the law pertaining to public health and safety and the general welfare.

46. Plaintiff reported wrongdoing, serious infractions, and/or violations of law that were against public policy and injurious to the public and against the public good.

47. By such good-faith reports, Plaintiff sought to prevent unlawful and/or improper conduct through the intervention of a higher authority.

48. Prior to Plaintiff's discharge, Defendants had knowledge that Plaintiff made such good-faith reports.

49. Plaintiff's good-faith reports were made prior to her discharge and Plaintiff was discharged in retaliation for making said good-faith reports.

50. Plaintiff's discharge was retaliatory and due to whistleblowing in violation of public policy.

51. As a direct and proximate result of Defendants' actions, Plaintiff was damaged.

52. Plaintiff has been damaged by Defendants' illegal conduct in that she has suffered economic damages, including but not limited to past, present, and future lost wages, and she has suffered noneconomic damages in the form of pain and suffering, including, but not limited to, humiliation, embarrassment, and mental and emotional distress.

53. Defendant Van Parys' actions were malicious and were committed with reckless indifference to plaintiff's rights protected by Kansas law, thereby entitling plaintiff to punitive damages.

WHEREFORE, for those reasons stated hereinabove, Plaintiff Michele Connel prays for damages against Defendant Board of County Commissioners of Leavenworth County, Kansas in an amount in excess of $75,000, which is sufficient to compensate her for the injuries and damages she sustained and for her costs and disbursements incurred herein, and for such other and further relief as the Court deems just and proper.

## COUNT II – Failure to Pay Overtime Wages
### (FLSA - Misclassification)

54. Plaintiff hereby incorporates by reference the above paragraphs of this Complaint as though fully set forth herein.

55. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for services performed and to compensate them at an overtime rate of pay for all work performed in excess of forty hours in a work week.

56. At all times relevant hereto, Defendants misclassified Plaintiff as an exempt employee.

57. Defendants reclassified Plaintiff as a non-exempt employee in September 2019 but failed to compensate her for pay, including overtime pay, that Plaintiff was owed subsequent to her reclassification.

58. During her employment with Defendants, Plaintiff performed certain work during certain hours for the benefit of, and as required by, Defendants for which Plaintiff did not receive overtime pay, despite that Plaintiff was eligible for and entitled to receive said pay.

59. Defendants' policies and practices denied overtime compensation to Plaintiff and are in violation of the FLSA.

60. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

61. Plaintiff seeks damages in the amount of all respective unpaid overtime compensation at the appropriate overtime rate of pay for any and all work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, and such other legal and equitable relief as the Court deems just and proper.

62. Plaintiff seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA.

WHEREFORE, Plaintiff Michele Connel prays for relief against Defendants Board of County Commissioners of Leavenworth County, Kansas and Janice Van Parys as follows:

a. declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, et seq.;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

    c.    An award of damages for overtime compensation due for the Plaintiff, including liquidated damages, to be paid by Defendants;

    d.    Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

    e.    Pre-judgment and post-judgment interest, as provided by law; and

    f.    Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT III - FLSA Retaliation

63. Plaintiff hereby restates and incorporates the above paragraphs of this Complaint as though fully set forth herein.

64. As alleged herein, Plaintiff complained to Defendants about her FLSA reclassification, as well as Leavenworth County pay practices as applied to her reclassification in that her pay classification changed from salaried to hourly; Plaintiff expressed her disagreement with the reclassification that gave rise to her FLSA misclassification claim alleged herein.

65. Plaintiff engaged in protected activity under the FLSA.

66. Plaintiff suffered adverse employment actions, including her discharge from employment.

67. Defendants discriminated against Plaintiff with respect to the compensation, terms, conditions and privileges of her employment, including discharge, on the basis of Plaintiff's engagement in protected activity.

68. As a result of Defendants' actions, Plaintiff has suffered damages.

69. Plaintiff has been damaged by Defendants' illegal conduct in that she has suffered economic damages, as well as mental and emotional distress.

70. Plaintiff is entitled to liquidated damages, costs, reasonable attorneys' fees, and all other statutory remedies available pursuant to U.S.C. 29 §216(b).

WHEREFORE, Plaintiff Michele Connel prays for judgment against Defendants Board of County Commissioners of Leavenworth County, Kansas and Janice Van Parys for her damages in an amount in excess of $75,000 that is fair and reasonable, including but not limited to, lost wages, fringe benefits, costs and attorneys' fees, noneconomic damages in the form of mental and emotional distress, any further statutory and/or equitable relief available pursuant to the FLSA, and any other relief the Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff has a right to jury trial.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Kansas as the place of trial in this case.

Respectfully submitted,

By: */s/Michael Stipetich*
Michael Stipetich   Kansas No. 21453
Smith Mohlman Injury Law, LLC
701 E. 63rd Street, 3rd Floor
Kansas City, MO 64110
816.866.7711(office)
816.866.7715(fax)
stip@accidentlawkc.com

**ATTORNEYS FOR PLAINTIFF**